IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



**ENTERED**
**01/29/2008**

| | | |
|---|---|---|
| IN RE: | § | |
| SEAQUEST DIVING, LP | § | CASE NO: 07-32068 |
| and | § | |
| SEAQUEST GENERAL HOLDINGS, LLC | § | CASE NO: 07-32070 |
| | § | |
| | § | Jointly Administered Under |
| | § | CASE NO: 07-32068 |
| Debtor(s) | § | |
| | § | CHAPTER  11 |

# MEMORANDUM OPINION
## CONCERNING GRANT OF LEAVE TO FILE LATE PROOFS OF CLAIM
### (Doc. ## 210, 244)

S & J Diving, Inc., Stanley Jones, and Global International Vessels, Ltd., (collectively, the "Claimants"), are unsecured creditors who did not timely file proofs of claim in these chapter 11 bankruptcy cases.  The Claimants filed motions for leave to file late proofs of claim.  For reasons stated below, the motions are granted by separate order issued this date.

### I.   FACTS

The Motion for Leave to File Proof of Claim by S&J and Jones (docket # 210), the objection to that motion, (docket # 233) and the Motion to Allow Claims (docket # 244, to which no objection was filed) show that the facts relevant to these motions are not in dispute.  The Court can rule from the pleadings without the need for an evidentiary hearing.[1]

Seaquest Diving, LP, and Seaquest General Holdings, LLC, (collectively the "Debtors") filed petitions commencing case number 07-32068 and case number 07-32070 under chapter 11 of the Bankruptcy Code on March 29, 2007.  The cases are jointly administered under case no. 07-32068.  The Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, and Deadlines sent by the Clerk to creditors did not state a deadline to file proofs of claim.  Instead it reads, "Notice of deadline will be sent at a later time."  (Doc. # 12).  A Proof of Claim form was served on all of Debtors' listed creditors on April 4, 2007.  (Doc. # 19).  The proof of claim bar date was not stated in any pleading in this case until Debtors' first disclosure statement on August 9, 2007.  (Doc. # 178, p.13).  The disclosure statement stated that the bar date to file a proof of claim was August 6, 2007, ("Claims Bardate") as provided in Bankruptcy Local Rule 3003.

---

[1] Bankruptcy Code § 102(1).

A.  The Claimants

   1.  S & J Diving, Inc., and Stanley Jones

Prior to the filing of this bankruptcy case, S & J Diving and Jones obtained a final judgment.[2] The Debtors' original bankruptcy schedules listed this claim in the amount of $2,742,014.88, as a noncontingent, liquidated, undisputed claim. (Doc. # 27). The schedules were not amended prior to the Claims Bardate. Seaquest Diving's Schedule F was amended on September 11, 2007, for the first time to show the claim as disputed. (Doc. # 208).[3] The September 11 amendment was, obviously, subsequent to the August 6 Claims Bardate. S & J Diving and Jones did not file proofs of claim, but now move for leave to file the proof of claim subsequent to the Claims Bardate.

   2.  Global International Vessels, Ltd.

Global International Vessels, Ltd. ("Global") alleges that Global and the Debtor entered into a contract for Debtor to purchase a vessel owned by Global. Pursuant to the terms of the contract, Global and Debtor entered into a Time Charter Agreement for the vessel for a period of 90 days from the date of the purchase contract. The charter period began January 3, 2007, but lasted only 10 days because Debtor notified Global that Debtor would not be using the vessel. Debtor subsequently terminated the Charter Agreement and the purchase contract. Global invoiced Debtor, and thereafter, attempted to collect the debt. On August 1, 2007, Global sent a demand letter. On August 10 Global received a response from Debtors' attorney informing Global for the first time that Debtor had filed for bankruptcy.

Debtors failed to notify Global of the chapter 11 bankruptcy case. According to the docket, Debtors did not list Global as a creditor in its Schedules, did not serve Global with any pleadings or papers filed in the bankruptcy case, and did not provide Global with notice of the proof of claim bar date. Global learned of the bar date after it had expired.

Neither Debtors nor any other party in interest has objected to Global's motion to allow its claim.

## II.  ANALYSIS

A.  Proofs of Claim and Allowance of Claims

A creditor may file a proof of claim. 11 U.S.C. § 501(a). In chapter 11 cases, a proof of claim is deemed filed if the claim (i) appears in the schedules filed under section 521(1) or 1106(a)(2), and (ii) is not scheduled as disputed, contingent, or unliquidated. 11 U.S.C.

---

[2] The circumstances relating to that final judgment, and the claim arising from it, are set out in great detail in the Memorandum Opinion issued by this Court on January 23, 2008, Adversary Proceeding 07-3310. docket # 42. That analysis is incorporated in this memorandum by reference.

[3] The Schedule was last amended September 18, 2007, listing the claim as both contingent and disputed because it may be subject to subordination and additional causes of action under chapter 5 of the Bankruptcy Code. Doc. # 220.

§ 1111(a).  The schedule of liabilities filed pursuant to § 521(1) constitutes *prima facie* evidence of the validity and amount of the claims.  FRBP 3003(b)(1).

A claim that has been filed is deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a).  If an objection is made, the court, after notice and hearing, is required to determine the amount of the claim as of the date of the filing of the petition, and must allow such claim in that amount unless the creditor filed the claim after the Claims Bardate.  11 U.S.C. § 502(b)(9).  In a chapter 11 case, the court sets the Claims Bardate and may extend the time within which proofs of claim or interest may be filed.  FRBP 3003(c)(3).  The local rules for the Southern District of Texas set the Claims Bardate in chapter 11 cases at 90 days following the first date set for the meeting of creditors, unless the Court orders otherwise.  BLR 3003(a).  Under these rules, the Claims Bardate in these cases was August 6, 2007.  As noted, the local rule establishes this date unless the Court orders otherwise.

1. S & J Diving, Inc., and Stanley Jones

Because S&J's and Jones' claim was scheduled by Debtors without any contention that the claim was disputed, contingent, or unliquidated, the S&J and Jones' claim was deemed to have been filed.  *In re Dynamic Brokers, Inc.*, 293 B.R. 489 (9th Cir. BAP 2003) (discusses the proper way to object to a claim that is deemed to have been filed).  In *Dynamic Brokers*, the debtor in chapter 11 listed in its schedules a fully secured liability and did not list the claim as disputed, contingent or unliquidated.  The creditor did not file a proof of claim timely.  The debtor never amended its schedules, but submitted a plan of confirmation that reduced the claim.  That plan was confirmed.  The Ninth Circuit BAP held that the confirmed plan was not a proper objection to claim.  The Court held that, "as with other claims that are eligible to be deemed allowed, § 502 requires that a party in interest object" in a manner prescribed by the Rules.  *Id*. at 496.  *Dynamic Brokers* contemplates two options for overcoming the "deemed allowed" status of a scheduled claim.  The debtor can either file an objection to the claim or the debtor can amend the schedules to show the claim as "disputed" and give proper notice.

In its objection to the motion to allow S&J and Jones' to file a late claim, Emmons and Jackson, PC ("E&J") allege that "prior to [the bar date] it was obvious that the claims were in dispute."  (Doc. # 233).  But, as *Dynamic Brokers* holds, the procedures for objecting to claims are set out in the Rules.  Those rules require a party objecting to the claim to file a written document with the Court; "obviousness" of a dispute is not sufficient.  The first incidence of an "objection to claim" occurred at earliest when the Seaquest Diving amended its schedules, September 11, 2007, to designate the claim as disputed.  Until then, S & J Diving's and Jones' claim was "deemed filed" and "deemed allowed."  Thus, as of the Claims Bardate, S & J Diving and Jones had an allowed claim in this bankruptcy case.

It is true that Debtors filed adversary proceeding 07-3310 on June 28, 2007.  The complaint in that adversary proceeding does not object to allowance of the claim.  The complaint asks for subordination of the claim.  As explained by the Court in its recent decision granting summary judgment in that adversary proceeding, allowance of claims (and the correlative of allowance, objection and disallowance) is totally dissimilar to subordination.  In fact,

subordination assumes that the claim is allowed; subordination governs the relative order of payment, not the validity of the debt.[4]

a. Extension of bar date for excusable neglect

FRBP 3003(c)(3) does not set up an absolute deadline for filing proofs of claim in chapter 11 cases as it does in chapter 7 cases. The Court for cause shown may extend the time within which proofs of claim may be filed in a chapter 11 case. FRBP 3003(c)(3). Rule 9006(b)(1) authorizes the court to permit a late filing if the movant's failure to comply with an earlier deadline was the result of excusable neglect. Likewise, local rule 3003(a) (which establishes the deadline for filing proofs of claim) allows the Court to modify that rule by order.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 389 (1993), the Supreme Court declared that when determining whether neglect is excusable, the Court must consider the reason for the delay (including whether it was within the reasonable control of the movant), whether the movant acted in good faith, the danger of prejudice to the debtor, and the length of the delay and its potential impact on judicial proceedings.

*i. The reason for the delay*

There was no need for S&J and Jones to file a timely proof of claim. Prior to the Claims Bardate they had an allowed claim. Reliance on clear law and failing to act because there was no requirement to act seem to be perfectly good reasons for the delay.

*ii. Length of the delay*

As noted above, S & J Diving and Jones's claim was deemed filed as of the bar date. It was not until Debtor's amended schedule on September 11, 2007, that status of the proof of claim was challenged. S & J Diving and Jones then filed the current motion on September 13. The length of the delay was not unreasonable.

*iii. Good Faith*

There is no suggestion that S & J Diving and Jones acted in anything other than good faith.

*iv. Prejudice to the debtor*

The claim of S & J Diving and Jones was adjudicated by a state court. Debtor has been aware of the claims, and through its schedules has made its creditors aware as well. The claim was deemed allowed by the Bankruptcy Code and Rules up through the bar date. No party would be prejudiced by allowing the proof of claim to be deemed filed timely.

---

[4] The Court again incorporates the analysis in its memorandum, Adversary Proceeding No. 07-3310, docket # 42.

And although the Supreme Court does not require the Court to consider potential prejudice to the creditor and potential mischief to the bankruptcy process that a different ruling might cause, the Court is compelled to do so. If the Court were to allow Debtors to amend their bankruptcy schedules after the bar date passed and thereby revoke the "deemed filed" status of the claim, Debtors could unilaterally disallow the claim without cause and solely at their whim. Good faith is required both of creditors and of debtors.

For these reasons, the Court concludes that the delay in filing a proof of claim is a result of excusable neglect for which equity allows an extension of time.

   b. Notice

And there is another reason that this claim must be allowed. As set out below, the FRBP require 20 days notice of the deadline for filing a proof of claim. Obviously a debtor cannot, subsequent to a bar date, amend schedules to eliminate a claim that was "deemed" allowed, and thereby deprive the creditor of notice and the ability to file a claim. That would violate Rule 2002.

  2. Global International Vessels, Ltd.

   a. Notice

> As a general matter, a party seeking relief in bankruptcy court is not entitled to achieve a *fait accompli* with respect to the protectable interests of parties who did not receive notice prior to any loss with respect to their interest. In furtherance of this end, the Bankruptcy Code is replete with provisions requiring proper notice to all parties affected by the proceedings.
> *In re National Gypsum Co.*, 208 F.3d 498, 510 (5th Cir. 2000) (citation omitted).

Rule 2002 requires 20 days' notice to creditors of the time fixed for filing proofs of claims pursuant to Rule 3003(c). FRBP 2002(a)(7). Debtors scheduled a $350,000 deposit for its option to purchase the vessel from Global in its schedule of personal property and statement of financial affairs. The Schedule also reflects that the option expired prior to the bankruptcy. (Docket # 27). However, Global is not identified as a creditor, was not listed in the creditor matrix, and no attempt was made to serve notice of the bankruptcy case on Global prior to Debtors' letter to Global dated August 3, 2007. (Global's Exhibit A, Doc. # 244-2). That letter included a copy of the Notice at docket # 12, which states that the notice of deadline to file a proof of claim "will be sent at a later time" and that if a deadline is set, "you will be sent another notice." However, even if the letter could serve as notice and was presumed sent the day it is dated, there was insufficient time from the mailing of the letter to the Claims Bardate to comply with the notice requirement set out by Rule 2002. The Court may not reduce the time for notice pursuant to Rule 2002(a)(7). FRBP 9006(c).

No party in interest objects to Global's motion to allow its claim.

### III.  CONCLUSION

For the reasons stated above, the requests to file a late proof of claim are granted by separate order issued this date.

SIGNED 01/28/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge